

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-75,941

### EX PARTE LARRY KARNES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 0820643D IN THE CRIMINAL DISTRICT COURT
### NUMBER ONE FROM TARRANT COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery causing bodily injury and sentenced to fifty-five years' imprisonment. The Second Court of Appeals affirmed his conviction. *Karnes v. State*, 127 S.W.3d 184 (Tex. App.–Ft. Worth, 2003). Applicant contends that his appellate counsel rendered ineffective assistance because counsel failed to file a timely petition for discretionary review after advising Applicant that he would do so.

Appellate counsel filed an affidavit with the trial court. Based on that affidavit, the trial court has entered findings of fact and conclusions of law that appellate counsel failed to file a petition for discretionary review after advising Applicant that he would do so. The trial court recommends that relief be granted. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Second Court of Appeals in Cause No. 02-02-223-CR that affirmed his conviction in Case No. 0820643D from the Criminal District Court Number One of Tarrant County, Texas. Applicant shall file his petition for discretionary review with the Second Court of Appeals within 30 days of the date on which this Court's mandate issues.

Applicant's remaining claims are dismissed. *Ex Parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: June 18, 2008

Do not publish